### WILLIAMS v. SOUTHERN RAILWAY CO.

(Filed May 23, 1901.)

1. RAILROADS—*Master and Servant—Fellow-Servant—Personal Injuries—Jurisdiction—Presumption—Negligence.*

> It will not be presumed that the doctrine of non-liability for the acts of fellow-servants obtains in another State.

2. RAILROADS—*Jurisdiction—Fellow-Servants—Private Laws 1897, chap. 56.*

> The fellow-servant Act of 1897 is applicable to the employee of "any railroad operating in this State," and is not limited to injuries received in this State.

ACTION by Robert Williams against the Southern Railway Company, heard by Judge *H. R. Starbuck* and a jury, at March Term, 1901, of the Superior Court of CATAWBA County. From a judgment for the plaintiff, the defendant appealed.

*Self & Whitener,* and *T. M. Hufham,* for the plaintiff.
*Geo. F. Bason,* for the defendant.

FURCHES, J. Action for damages caused by the alleged negligence of the defendant. The plaintiff was an employe of the defendant, and while engaged with other employes in unloading iron rails from a gondola car, at a point near Bridgeport, Tennessee, one of the rails fell upon his foot and injured it seriously. The plaintiff contends, and so testified, that while he and five others were lifting a rail for the purpose of unloading it, the engine attached to the train backed, causing a sudden jerk, causing one of the rails in the car to turn over and fall on his foot and cause the injury. The defendant contends that the injury was caused by the rail

turning over because the men who were unloading the car stepped on it, and that the injury was purely accidental. To establish this view of the case, the defendant introduced the testimony of six witnesses, who testified that they were present and saw the transaction, and that it occurred as contended by defendant. The plaintiff alone testified to the facts he relied on for a verdict.

At the close of the evidence, the defendant moved to non-suit the plaintiff for the reason that it appeared from all the evidence that plaintiff was injured in the State of Tennessee; "that plaintiff was injured by the negligence of a fellow-servant, and defendant contended that at common law he could not recover for an injury caused by the negligence of a fellow-servant; that to enable him to recover, the burden was upon him to show the common law rule applicable to injuries at the hands of fellow-servants had been abrogated in the State of Tennessee; that plaintiff had failed to show any statute of the State of Tennessee, which abrogated the common law rule that one servant was not entitled to recover for injuries caused by the negligence of a fellow-servant, and, because he had so failed, he is not entitled to recover in this action." This motion was refused, and defendant excepted.

This exception presents the only point in the case, as there is no exception to the evidence or to the charge of the Court.

We do not think this case depends upon the doctrine of presumption that the common law prevails in the State of Tennessee. That rule obtains as to the established common law of England at the time of our separation from that government. The doctrine of non-liability for the acts of fellow-servants is not one of those established principles of common law at the date of our independence. This doctrine was not declared in England until 1837, in the case of *Priestly v. Fowler,* 3 M. and W., 1. And about the same time it was declared by the Supreme Court of South Carolina in the case of *Murray v. Railroad,* 1 McMillan, 387, 36 Am. Dec., 268.

But soon after the decision of these cases, the case of *Farwell v. Boston R. R. Co.,* 4 Metc., 49, 38 Am. Dec., 339, presenting fully this question, came before the Supreme Court of Massachusetts, when Chief Justice *Shaw* delivered the well-considered opinion of the Court, which has since been regarded as the leading case on the subject. It is not, then, one of the doctrines of the common law that this Court could presume to exist in the State of Tennessee.

But we are of opinion that this case is governed by the law of this State, and that the Fellow-Servant Act of 1897 applies to it. The act is not limited to injuries received in this State, but it is made to apply to "any railroad company operating in this State, who shall suffer injury to his person," etc. The Southern Railway Company operates its road in this State, and, according to the terms of this act, is liable to its provisions. Of course the courts of Tennessee would not be bound to observe this act, but the Courts of this State are.

Indeed, we do not see that the fact that the injury occurred in Tennessee has any bearing on the case. The plaintiff's action is not in *tort ex delicto,* but *ex contractu,* for breach of contract. For although a *tort* is alleged, it is based on contract. *Farwell v. Boston R. R. Co.,* 38 Am. Dec., 339 (4 Metc., 49). This being so, and defendant being a resident of this State, and it not being shown where the contract was made, or what State should have jurisdiction of its enforcement, it seems to us it was altogether proper that the courts of this State should take jurisdiction, and enforce the contract by ascertaining damages for its breach.

As to whether the jury should have found a verdict for the plaintiff, upon the evidence in this case, was a matter for them and not for us.

Affirmed.

CLARK, J., concurs on the ground that, by the law obtaining in Tennessee, the place where the injury was sustained,

the defendant would not be protected by the defence that the plaintiff and engineer were fellow-servants. *Railroad v. Carroll,* 6 Heiskell (53 Tenn.), 347, 362; *Railroad v. Collins,* 2 Duval (63 Ky.), 114, 87 Am. Dec., 486.

MONTGOMERY, J., concurs in concurring opinion of CLARK, J.