MILLER v. RAILROAD.

(Filed April 3, 1906).

*Contracts—Lex loci Contractus—Fellow Servant Act—Railroads—Negligence—Defective Appliances.*

1. Where the plaintiff entered into a contract of service with the defendant company in this State and his cause of action was based upon a breach of contractual duty, the fact that the injury occurred in another State has no bearing on the case.

2. The validity and interpretation of a contract as well as liability thereunder is to be determined by the law of the place in which the contract is made.

3. Where a contract of service with the defendant railroad was made in this State, the provisions of the Fellow Servant Act must be read into the contract and there being no evidence that the service was to be performed altogether in another State, it would seem that the relative rights and liabilities of the parties are fixed by the terms of the contract.

4. In an action for damages for negligence in failing to provide a safe and suitable platform upon which plaintiff was to discharge his duties, an instruction that it was the duty of the defendant to provide the plaintiff with a reasonably safe place to work, and to exercise reasonable care in keeping the platform in a safe condition, and if they found from the evidence that the platform was in a dangerous and unsafe condition and that this caused the injury to the plaintiff, they would answer the first issue "yes," was correct.

5. An instruction that if the truck was negligently run into a hole, and thereby the plaintiff was injured, they would answer the first issue "yes," was correct.

6. On the issue of contributory negligence, an instruction that the jury would answer the second issue "no" unless they found from the evidence that the plaintiff saw that the truck would be run into a hole and could reasonably see that the piano would likely fall, and after such knowledge neglected to remove from a place of danger, was correct.

ACTION by Geo. A. Miller against Southern Railway Co., heard by *Judge G. S. Ferguson* and a jury, at the October Term, 1905, of the Superior Court of ANSON.

The plaintiff alleged that being a resident and citizen of the State of North Carolina, he entered into a contract of service in the said State with the defendant corporation, owning and operating railroads in the States of North Carolina and Alabama, and in the performance of the duties assumed by said contract he was, on the 1st day of October, 1903, in Birmingham, Alabama. That at said time some employees of defendant were rolling a truck loaded with a piano along said platform, near which the plaintiff was at work. That by reason of the dangerous, unsafe and unsuitable condition of said platform it gave way, and the wheels of the truck broke or fell into a hole, causing the piano to fall upon plaintiff, breaking his leg and inflicting upon him serious and permanent injuries. That it was the duty of the defendant to provide a suitable, safe and proper place for plaintiff to work; the defendant knew of the dangerous and

unsafe condition of said platform, and that by reason of the injuries suffered, he has sustained damages, etc. Defendant admitted that the contract was made in the State of North Carolina as alleged and that by reason thereof the plaintiff was required to perform duties in Birmingham, Ala. Defendant denied the other allegations and alleged contributory negligence.

The following issues were submitted to the jury:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans. "Yes."

2. Did the plaintiff contribute to his own injury? Ans. "No."

3. What damages did plaintiff sustain by the injury? Ans. $1,999.99-100.

Judgment accordingly. Defendant appealed.

*Jas. A. Lockhart* for the plaintiff.
*W. B. Rodman* and *G. F. Bason* for the defendant.

CONNOR, J., after stating the facts: His Honor instructed the jury that it was the duty of the defendant to provide the plaintiff with a reasonably safe place to work, and to exercise reasonable care in keeping the platform in a safe condition, and if they found from the evidence that the platform was in a dangerous and unsafe condition and that this caused the injury to the plaintiff, they would answer the first issue, "yes." He further charged the jury that if the truck was negligently run into a hole, and thereby the plaintiff was injured, they would answer the first issue "yes." That they would answer the second issue "no" unless they found from the evidence that the plaintiff saw that the truck would be run into a hole and could reasonably see that the piano would likely fall, and after such knowledge neglected to remove from a place of danger; to all of which the defendant excepted.

MILLER *v.* RAILROAD.

The defendant asked certain instructions which were refused, His Honor charging in lieu thereof: "If you shall be satisfied from the greater weight of the evidence, that the plaintiff knew the condition of the platform, the place where the truck wheel ran into the hole, and saw the truck approaching in such a way that the wheel would run into the hole, and could reasonably have anticipated that by the wheels running into the hole the piano would fall, it was his duty to step out of the way, and if he had time to do so, after he saw the danger and failed to do so, he would be guilty of negligence; and if you find from the evidence these facts, and if the injury was received in consequence thereof, you will answer the second issue "yes."

The defendant insists that in the absence of any allegation or evidence that the Fellow Servant Law, Revisal, section 2646, was in force in Alabama, the State in which the injury occurred, the common law is presumed to control; that by the common law the plaintiff assumed the risk of injuries incident to his employment, including such as are caused by the negligence of a fellow servant. For the purpose of presenting this contention it submitted appropriate prayers, which were refused. It will be observed that the cause of action is based upon a contract of service and breach of a contractual duty. The exact question is presented and decided by this court in *Williams v. Railroad,* 128 N. C., 286. The action was for injuries sustained in Tennessee by an employee, the same objection was made to a recovery, *Furches, J.,* said: "We do not see that the fact that the injury occurred in Tennessee has any bearing on the case. The plaintiff's action is not in tort *ex delicto,* but *ex contractu* for breach of contract. For although tort is alleged, it is based on contract." We have recognized the well settled principle that "the validity and interpretation of a contract as well as liability thereunder is to be determined by the law of the place in which the contract is made." While the authorities are not uniform in the

application of this principle to contracts of this character, we find the conclusion of the discussion thus stated in Wharton's Conflict of Laws (3 Ed.), 478b: "When the action is expressly based upon a breach of contract, it seems to be assumed that the law of the place where the contract is made, rather than that of the place where the injury occurs, governs. So, undoubtedly, any defense based upon the express terms of the contract is governed by the *lex loci contractus,* even though the action be *ex delicto.*" By the contract of service made in North Carolina, the provisions of the Fellow Servant Act must be read into the contract, and there being no evidence that the service was to be performed altogether in another State, it would seem that the relative rights and liabilities of the parties are fixed by the terms of the contract. It would seem, however, from the record that the question is not presented. The negligence alleged is in the failure to provide a safe and suitable platform upon which plaintiff was to discharge his duties and this question, together with the plaintiff's knowledge of the conditions and conduct in respect to the use of it on the occasion of his injury, were correctly explained to the jury.

Upon an examination of the entire record we find no error in the charge given or the refusal to give the instructions asked. It must, therefore, be declared that there is

No Error.